# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS – WACO DIVISION

<u>Civil Action No.</u>   6:19-cv-661

"Jury"

| | |
|---|---|
| **SCOTT WAYNE MIKKELSON**, *as Representative of the Estate of* **KEVIN DUANE PARADIS,** Deceased, *and* ANDREA JOHNKE NELSON, AMANDA PARADIS, JAKOB PARADIS, JORDAN PARADIS, KARI PARADIS, STEPHANIE PARADIS, ANGELA QUESENBERRY, and HEIDI PARADIS SCHUMACK, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |
| Plaintiffs, | §<br>§ |
| vs. | §<br>§ |
| **CERTAINTEED CORPORATION**, a Delaware Corporation with its principal place of business in the State of Pennsylvania; **CERTAINTEED LLC**, a Delaware Corporation with its principal place of business in the State of Pennsylvania, and **DBMP LLC**, a North Carolina Corporation with its principal place of business in the State of Pennsylvania, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |
| Defendant. | §<br>§ |

## PLAINTIFFS' COMPLAINT

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW Plaintiffs SCOTT WAYNE MIKKELSON, *as Representative of the Estate of*

KEVIN DUANE PARADIS, *Deceased, and* ANDREA JOHNKE NELSON, AMANDA PARADIS,

JAKOB PARADIS, JORDAN PARADIS, KARI PARADIS, STEPHANIE PARADIS, ANGELA QUESENBERRY, *and* HEIDI PARADIS SCHUMACK, complaining of the Defendants listed below, and for cause of action would show the Court and Jury as follows:

## A.   PARTIES

1.     Plaintiff, SCOTT WAYNE MIKKELSON, is an individual residing in Quincy, Illinois.  On October 18, 2019, he was duly appointed by the County Court of McClennan County, Texas, as the Independent Executor of the Estate of KEVIN DUANE PARADIS, Deceased, and granted Letters Testamentary.   **Exhibit A**, Letters Testamentary of the Estate of Kevin Duane Paradis, Deceased, dated Oct. 18, 2019.

2.     Plaintiff, ANDREA JOHNKE NELSON, is an individual residing in Wood Lake, Minnesota, and is an adult child of KEVIN DUANE PARADIS, Deceased.

3.     Plaintiff, AMANDA PARADIS, is an individual residing in Ramsey, Minnesota, and is an adult child of KEVIN DUANE PARADIS, Deceased.

4.     Plaintiffs, JAKOB PARADIS and JORDAN PARADIS, are individuals residing in Marshall, Minnesota, and are adult children of KEVIN DUANE PARADIS, Deceased.

5.     Plaintiff, KARI PARADIS, is an individual residing in Grand Forks, North Dakota, and is an adult child of KEVIN DUANE PARADIS, Deceased.

6.     Plaintiff, STEPHANIE PARADIS, is an individual residing in Mankota, Minnesota, and is an adult child of KEVIN DUANE PARADIS, Deceased.

7.     Plaintiff, ANGELA QUESENBERRY, is an individual residing in Pine City, Minnesota, and is an adult child of KEVIN DUANE PARADIS, Deceased.

8.     Plaintiff, HEIDI PARADIS SCHUMACK, is an individual residing in Mound, Minnesota, and is an adult child of KEVIN DUANE PARADIS, Deceased.

9.      Defendant, CERTAINTEED CORPORATION, is a corporation that is incorporated under the laws of the State of Delaware.  Defendant has its principal place of business in the State of Pennsylvania.  Defendant may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136.

10.     Defendant, CERTAINTEED LLC, is a corporation that is incorporated under the laws of the State of Delaware.  Defendant has its principal place of business in the State of Pennsylvania.  Defendant does not have a registered agent for service of process in the State of Texas.  Service of process on defendant may be made according to the laws of the State of Texas by serving CERTAINTEED LLC its domicile registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, via the Secretary of State for the State of Texas.

11.     Defendant, DBMP LLC, is a corporation that is incorporated under the laws of the State of North Carolina.  Defendant has its principal place of business in the State of Pennsylvania.  Defendant does not have a registered agent for service of process in the State of Texas.  Service of process on defendant may be made according to the laws of the State of Texas by serving DBMP LLC, its domicile registered agent, CT Corporation System, 160 Mine Lake Ct, Suite 200, Raleigh, North Carolina 27615, via the Secretary of State for the State of Texas.

## B.      JURISDICTION

12.     The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiffs and Defendants are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs.

## C.      VENUE

13.     Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391(b)(2)

because a substantial part of the events or omissions giving rise to this claim occurred in this district.

14.     More specifically, the manufacture of the defective product at issue, asbestos-containing Certainteed pipe, occurred in Hillsboro, Texas, which is in the Western District of Texas.

### D.     FACTS

15.     Decedent KEVIN DUANE PARADIS ("Paradis" or "Decedent") was born December 7, 1960.  Over the course of his life, Paradis had eight children:  Andrea Johnke Nelson, Amanda Paradis, Jakob Paradis, Jordan Paradis, Kari Paradis, Stephanie Paradis, Angela Quesenberry, and Heidi Paradis Schumack.  He was diagnosed with malignant pleural mesothelioma in or about June of 2018, and died from the disease on or about January 7, 2019, at the age of 58.

16.     On or about 1976, Paradis started working for Michael Thooft ("Thooft"), owner of Thooft Construction, as a construction laborer at the age of 16.  Paradis worked for Mr. Thooft until approximately the 1990s.

17.     In the early 1980s, Paradis performed a job for Thooft Construction in Sioux Falls, South Dakota, where he was responsible for replacing pre-existing underground pipe connected to a storage vault for water with Certainteed pipe.  The entire job at Sioux Falls lasted four to six months. The bulk of the pipe-cutting portion of the job took at least three or four days.

18.     When installing the pipe, Paradis had to cut it with a gas-powered saw.  To completely cut through the pipe, he would usually have to rotate it three to four times, making a cut each time.  This entire process took about half an hour, and created dust that got all over Paradis' face, arms, and clothes.  Furthermore, this cutting took place underground in a closed underground vault.

19.     Once he was done cutting the pipe, Paradis had to clean up his area with a hand broom, which stirred up the pipe dust.  In addition to cutting the pipe himself, Paradis was often

standing right there with someone else who was.

## FIRST CAUSE OF ACTION

### (Strict Liability)

PLAINTIFFS COMPLAIN OF DEFENDANTS AND THEIR "ALTERNATE
ENTITIES", AND EACH OF THEM

20.     At all times herein mentioned, each of the Defendants identified in this cause of action was the successor, successor in business, successor in product line or a portion thereof, parent, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging, and advertising a certain substance, the generic name of which is asbestos, and other products containing said substance. Said entities shall hereinafter collectively be called "alternate entities."  Each of the herein named Defendants is liable for the tortious conduct of each successor, successor in business, successor in product line or a portion thereof, assign, predecessor in product line or a portion thereof, parent, subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that it was a member of, or funded, that researched, repaired, marketing, warranted, re-branded, manufactured for others, and advertised a certain substance, the generic name of which is asbestos, and other products containing said asbestos.  The Defendants, and each of them, are liable for the acts of each and every "alternate entity", and each of them, in that there has been a virtual destruction of Plaintiffs' remedy against each such "alternate entity"; Defendants, and each of them, have acquired the assets, product line, or a portion thereof, of each such "alternate entity"; Defendants, and each of them, have caused the destruction of Plaintiffs' remedy against each such "alternate entity"; each such Defendant has the ability to assume the risk-spreading role of each such

"alternate entity"; and that each such Defendant enjoys the goodwill originally attached to each such

"alternate entity".

| **DEFENDANT** | **ALTERNATE ENTITY** |
|---|---|
| CERTAINTEED CORPORATION | KEASBY & MATTISON<br>GUSTIN BACON MANUFACTURING<br> CO.<br>PARKSON PIPE<br>PARKSON, INC.<br>PARKSON PIPELINE<br>CERTAIN-TEED PARKSON, INC.<br>TELFORD SMITH SUPPLY CO.<br>B & H SALES INC.<br>CERTAINTEED LLC<br>DBMP LLC |
| CERTAINTEED LLC | KEASBY & MATTISON<br>GUSTIN BACON MANUFACTURING<br> CO.<br>PARKSON PIPE<br>PARKSON, INC.<br>PARKSON PIPELINE<br>CERTAIN-TEED PARKSON, INC.<br>TELFORD SMITH SUPPLY CO.<br>B & H SALES INC.<br>CERTAINTEED CORPORATION<br>DBMP LLC |
| DBMP LLC | KEASBY & MATTISON<br>GUSTIN BACON MANUFACTURING<br> CO.<br>PARKSON PIPE<br>PARKSON, INC.<br>PARKSON PIPELINE<br>CERTAIN-TEED PARKSON, INC.<br>TELFORD SMITH SUPPLY CO.<br>B & H SALES INC.<br>CERTAINTEED CORPORATION<br>CERTAINTEED LLC |

21.    At all times herein mentioned, Defendants identified in paragraph 20, *supra*, their

"alternate entities", and each of them, were and are engaged in the business of researching,

manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying,

offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re- branding, manufacturing for others, packaging, and advertising a certain substance, the generic name of which is asbestos and other products containing said substance.

22.     Defendants, their "alternate entities", and each of them, knew and intended that the above-referenced asbestos and asbestos-containing products would be used by the purchaser or user without inspection for defects therein or in any of their component parts and without knowledge of the hazards involved in such use.

23.     Said asbestos and asbestos-containing products were defective and unsafe for their intended purpose in that the inhalation of asbestos fibers causes serious disease and/or death. The defect existed in the said asbestos and asbestos-containing products at the time they left the possession of the Defendants, their "alternate entities," and each of them. Said asbestos and asbestos-containing products did, in fact, cause personal injuries, including asbestosis, other lung damage, and cancer to users, consumers, workers, bystanders, and others, including KEVIN DUANE PARADIS, Decedent (hereinafter collectively called "exposed persons"), while being used in a reasonably foreseeable manner, thereby rendering the same defective, unsafe, and dangerous for use.

24.     At all times mentioned herein, the above-referenced asbestos and asbestos-containing products failed to perform as safely as an ordinary consumer and/or other "exposed persons" would expect when used in an intended or reasonably foreseeable manner, and/or the risk of danger inherent in this substance and products outweighed the benefits of said substance and products.

25.     At all times mentioned herein, the foreseeable use of said asbestos and asbestos-containing products involved a substantial danger not readily recognizable to an ordinary user, consumer, or bystander, or other "exposed persons," but which danger was known or knowable to

Defendants, and Defendants failed to adequately warn of the substantial danger.

26.     "Exposed persons" did not know of the substantial danger of using said products. Said dangers were not readily recognizable by "exposed persons". Said Defendants, their "alternate entities", and each of them, further failed to adequately warn of the risks to which Decedent KEVIN DUANE PARADIS and others similarly situated were exposed.

27.     Defendants identified in paragraph 20, *supra*, their "alternate entities", and each of them, knew, or should have known, and intended that the aforementioned asbestos and asbestos-containing products and equipment would be used or handled as specified in paragraphs 16-19, resulting in the release of airborne asbestos fibers, and that through such foreseeable use and/or handling "exposed persons", including Plaintiffs herein, would be in proximity to and exposed to said asbestos fibers.

28.     Decedent KEVIN DUANE PARADIS was exposed to asbestos and asbestos-containing products and equipment referred to herein in a manner that was reasonably foreseeable. Decedent KEVIN DUANE PARADIS' exposure to asbestos and asbestos-containing products occurred at various locations as set forth in paragraphs 16-19.

29.     As a direct and proximate result of the conduct of the Defendants, their "alternate entities", and each of them, as aforesaid, Decedent KEVIN DUANE PARADIS' exposure to asbestos and asbestos-containing products caused severe and permanent injury to the Plaintiffs, the nature of which, along with the date of Decedent KEVIN DUANE PARADIS' diagnosis and the date he learned such injuries, were attributable to exposure to asbestos and/or asbestos-containing products, are set forth in paragraph 16-19.

30.     Plaintiffs are informed and believe, and thereon allege, that progressive lung disease, cancer and other serious diseases are caused by inhalation of asbestos fibers without perceptible

trauma and that said disease results from exposure to asbestos and asbestos-containing products over a period of time.

31.     Decedent KEVIN DUANE PARADIS suffered and on January 7, 2019, died from malignant mesothelioma, caused by exposures to asbestos and asbestos-containing products and equipment. Decedent KEVIN DUANE PARADIS was not aware at the time of exposure that asbestos or asbestos-containing products presented any risk of injury and/or disease.

32.     As a direct and proximate result of the aforesaid conduct of Defendants, their "alternate entities", and each of them, Decedent KEVIN DUANE PARADIS suffered permanent injuries to his person, body and health, including, but not limited to, mesothelioma, other lung damage, and cancer, from the effect of exposure to asbestos fibers, all to his general damage in a sum in excess of the jurisdictional limit.

33.     As a direct and proximate result of the aforesaid conduct of the Defendants, their "alternate entities", and each of them, Plaintiffs have incurred liability for physicians, surgeons, nurses, hospital care, medicine, hospices, X-rays and other medical treatment, the true and exact amount thereof being unknown to Plaintiffs at this time, and Plaintiffs pray leave to amend this complaint accordingly when the true and exact cost thereof is ascertained.

34.     As a direct and proximate result of the Defendants' conduct referenced above, Plaintiffs have and will continue to be: deprived of the support, society, solace, care, comfort, companionship, affection, advice, service and guidance of a father in KEVIN DUANE PARADIS. Plaintiffs have and will also incur: pecuniary losses, the full nature and extent of which are not yet known. Plaintiffs have also suffered mental anguish.

35.     In researching, manufacturing, fabricating, designing, modifying, testing, or failing to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering for sale,

supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing,

warranting, re-branding, manufacturing for others, packaging, and advertising asbestos and asbestos-

containing products and equipment, Defendants, their "alternate entities", and each of them, did so

with conscious disregard for the safety of "exposed persons" who came in contact with said asbestos

and asbestos-containing products, including, but not limited to, asbestosis, other lung damages, and

cancer. Said knowledge was obtained, in part, from scientific studies performed by, at the request of,

or with the assistance of, said Defendants, their "alternate entities", and each of them, on or before

1930, and thereafter.

36.     On or before 1930, and thereafter, said Defendants, their "alternate entities" and each

of them, were aware that members of the general public and other "exposed persons", who would

come in contact with their asbestos and asbestos-containing products, had no knowledge or

information indicating that asbestos or asbestos-containing products could cause injury, and said

Defendants, their "alternate entities", and each of them, knew that members of the general public,

and other "exposed persons", who came in contact with asbestos and asbestos-containing products,

would assume, and in fact did assume, that exposure to asbestos and asbestos-containing products

was safe, when in fact said exposure was extremely hazardous to health and human life.

37.     With said knowledge, said Defendants, their "alternate entities", and each of them,

opted to research, manufacture, fabricate, design, modify, label, assemble, distribute, lease, buy, offer

for sale, supply, sell, inspect, service, install, contract for installation, repair, market, warrant, re-

brand, manufacture for others, package, and advertise said asbestos and asbestos-containing products

without attempting to protect "exposed persons" from, or warn "exposed persons" of, the high risk of

injury or death resulting from exposure to asbestos and asbestos-containing products.  Rather than

attempting to protect "exposed persons" from, or warn "exposed persons" of, the high risk of injury

or death resulting from exposure to asbestos and asbestos-containing products, Defendants, their "alternate entities", and each of them, intentionally failed to reveal their knowledge of said risk, failed to warn of said risk and consciously and actively concealed and suppressed said knowledge from "exposed persons" and members of the general public, thus impliedly representing to "exposed persons" and members of the general public that asbestos and asbestos-containing products were safe for all reasonably foreseeable uses.  Defendants, their "alternate entities", and each of them, engaged in this conduct and made these implied representations with the knowledge of the falsity of said implied representations.

38.     The above-referenced conduct of said Defendants, their "alternate entities", and each of them, was motivated by the financial interest of said Defendants, their "alternate entities", and each of them, in the continuing, uninterrupted research, design, modification, manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for sale, supply, sale, inspection, installation, contracting for installation, repair, marketing, warranting, re-branding, manufacturing for others, packaging and advertising of asbestos and asbestos-containing products.  In pursuance of said financial motivation, Defendants, their "alternate entities", and each of them, consciously disregarded the safety of "exposed persons" and in fact were consciously willing and intended to permit asbestos and asbestos-containing products to cause injury to "exposed persons" and induced persons to work with and be exposed thereto, including Decedent KEVIN DUANE PARADIS.

39.     Defendants, their "alternate entities", and each of them, and their officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein.

40.     Defendants, their "alternate entities", and each of them, are liable for the fraudulent, oppressive, and malicious acts of their "alternate entities", and each of them, and each Defendants'

officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of their "alternate entities" as set forth herein.

41.     The herein-described conduct of said Defendants, their "alternate entities", and each of them, was and is willful, malicious, fraudulent, outrageous, and in conscious disregard and indifference to the safety and health of "exposed persons".  Plaintiffs, for the sake of example and by way of punishing said Defendants, seek punitive damages according to proof.

42.     Plaintiffs allege that the aforementioned Defendants, their "alternate entities", and each of them, impliedly warranted their asbestos and asbestos-containing products and equipment to be safe for their intended use, but their asbestos and asbestos-containing products created an unreasonable risk of bodily harm to Decedent KEVIN DUANE PARADIS.

43.     Plaintiffs further allege that Decedent KEVIN DUANE PARADIS' injuries and death are a result of cumulative exposure to asbestos and various asbestos-containing products and equipment manufactured, fabricated, inadequately researched, designed, modified, inadequately tested, labeled, assembled, distributed, leased, brought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded, manufactured for others, packaged and advertised by the aforementioned Defendants, their "alternate entities", and each of them, all of which were a substantial contributing factor to Decedent's development of the asbestos disease complained of herein.

44.     Decedent KEVIN DUANE PARADIS relied upon Defendants, their "alternate entities", and each of their representations, lack of warnings, and implied warranties of the fitness of asbestos and asbestos-containing products. As a direct, foreseeable, and proximate result thereof, Decedent was injured permanently as alleged herein.

45.     As a direct and proximate result of the actions and conduct outlined herein, Decedent KEVIN DUANE PARADIS suffered the injuries and damages alleged herein.

WHEREFORE, Plaintiffs pray for judgment against Defendants identified in paragraph 20, *supra*, and their "alternate entities", and each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (Negligence)

AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR NEGLIGENCE, PLAINTIFFS COMPLAIN OF DEFENDANTS, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGE AS FOLLOWS:

46.     Plaintiffs incorporate herein by reference, as though fully set forth therein, the allegations contained in the First Cause of Action herein.

47.     At all times herein mentioned, Defendants, their "alternate entities", and each of them, singularly and jointly, negligently and carelessly researched, manufactured, fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded, manufactured for others, packaged, and advertised a certain substance, the generic name of which is asbestos, and other products and equipment containing said substance, in that said substance proximately caused personal injuries to "exposed persons", while being used in a manner that was reasonably foreseeable, thereby rendering said substance unsafe and dangerous for use by users, bystanders, and other people, including but not limited to Decedent KEVIN DUANE PARADIS.

48.     Defendants and their "alternate entities" and each of them, had a non-delegable duty to exercise due care while conducting their business as described above.  Each Defendant breached

their duty to exercise such due care.

49.     Defendants and their "alternate entities" intended, knew or should have known that their asbestos and asbestos-containing products would be transported by truck, rail, ship and other common carriers, and that in the shipping process the products would break, crumble or be otherwise damaged; and/or that such products would be used for insulation, construction, plastering, fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not limited to: sawing, chipping, hammering, scraping, sanding, breaking, removal, "rip-out", and other manipulation, resulting in the release of airborne asbestos fibers, and that through such foreseeable use and/or handling users, bystanders, and other people, including but not limited to Decedent KEVIN DUANE PARADIS, would use and/or be in proximity of and exposed to such asbestos fibers.

50.     As a direct and proximate result of the actions and conduct outlined herein, Decedent sustained the injuries and damages alleged herein.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and their "alternate entities", and each of them, as hereinafter set forth.

## THIRD CAUSE OF ACTION

### (False Representation Under Restatement of Torts Section 402-B)

AS AND FOR A FURTHER, THIRD, SEPARATE AND DISTINCT CAUSE OF ACTION FOR FALSE REPRESENTATION UNDER RESTATEMENT OF TORTS SECTION 402-B, PLAINTIFFS COMPLAIN OF DEFENDANTS, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGE AS FOLLOWS:

51.     Plaintiffs hereby incorporate by reference, as though fully set forth herein, each and every allegation contained in the First and Second Causes of Action.

52.     At the aforementioned time when Defendants, their "alternate entities", and each of

them, researched, manufactured, fabricated, designed, modified, tested or failed to test, inadequately warned or failed to warn, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded, manufactured for others, packaged and advertised the said asbestos and asbestos-containing products, as hereinabove set forth, the Defendants, their "alternate entities", and each of them, expressly and impliedly represented to members of the general public, including the purchasers and users of said product, and other "exposed persons", including, without limitation, Decedent KEVIN DUANE PARADIS and his employers, that asbestos and asbestos-containing products, were of merchantable quality, and safe for the use for which they were intended.

53.     The purchasers and users of said asbestos and asbestos-containing products, and other "exposed persons", including, without limitation, Decedent KEVIN DUANE PARADIS, and his employers, relied upon said representations of Defendants, their "alternate entities", and each of them, in the selection, purchase, and use of asbestos and asbestos-containing products.

54.     Said representation by Defendants, their "alternate entities", and each of them, were false and untrue, and Defendants knew at the time they were untrue, in that the asbestos and asbestos-containing products and equipment were not safe for their intended use, nor were they of merchantable quality as represented by Defendants, their "alternate entities", and each of them, in that asbestos and asbestos-containing products and equipment have very dangerous properties and defects whereby said products cause asbestosis, other lung damages, and cancer, and have other defects that cause injury and damage to the users of said products and other "exposed persons", thereby threatening the health and life of said persons, including Decedent KEVIN DUANE PARADIS herein.

55.     As a direct and proximate result of said false representations by Defendants, their

**PLAINTIFFS' COMPLAINT**                                                              **Page | 15**

"alternate entities", and each of them, Decedent sustained the injuries and damages alleged herein.

WHEREFORE, Plaintiffs pray for judgment against Defendants, their "alternate entities", and each of them, as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### (Wrongful Death)

DEFENDANTS AND/OR THEIR "ALTERNATE ENTITIES" ARE ALSO LIABLE
TO PLAINITFFS FOR WRONGFUL DEATH BECAUSE:

56.     Plaintiffs hereby incorporate by reference, as though fully set forth herein, each and every allegation contained in the First, Second and Third Causes of Action.

57.     As a result of developing mesothelioma, Decedent KEVIN DUANE PARADIS, suffered and sustained very serious injuries and died as a result.

58.     Plaintiffs allege that because of Defendants' conduct, Decedent KEVIN DUANE PARADIS' injuries and illnesses were permanent in nature and that he was forced to suffer until his death; that his life enjoyment was impaired, and that his expected life span was shortened.

59.     Decedent KEVIN DUANE PARADIS died on January 7, 2019. Plaintiff SCOTT WAYNE MIKKELSON qualified as Personal Representative of the Estate of KEVIN DUANE PARADIS.

60.     As a result of Defendants' conduct, Decedent and all Plaintiffs are entitled to recover compensatory and punitive damages from the Defendants.  Decedent KEVIN DUANE PARADIS' heirs have lost his services, protection, care, support, guidance, assistance, and love.

61.     Plaintiffs respectfully request that that the Defendants be cited to appear and answer herein as the law commands. Furthermore, upon final hearing hereof, Plaintiffs request judgment from the Defendants jointly and severally, for damages in excess of Seventy-Five Thousand Dollars

($75,000.00) for general, compensatory and special damages; plus a sum well in excess of Seventy-Five Thousand Dollars ($75,000.00) for punitive damages; for medical expenses in an amount to be shown upon the trial hereof; together with costs and disbursements herein, and pre and post judgment interest on said judgment from the date of filing until paid as by law provided, for costs of this action and such other and further relief as to which they may be entitled.

### E.   DAMAGES

62.    The conduct of Defendants, as alleged hereinabove, was a direct, proximate and producing cause of the damages resulting from the asbestos-related lung disease of Decedent KEVIN DUANE PARADIS, and of the following general and special damages including:

(a)    Damages to punish Defendants for proximately causing Decedent KEVIN DUANE PARADIS' untimely death;

(b)    The conscious physical pain and suffering and mental anguish sustained by Plaintiffs and Decedent KEVIN DUANE PARADIS;

(c)    The physical impairment suffered by Decedent KEVIN DUANE PARADIS;

(d)    The disfigurement suffered by Decedent KEVIN DUANE PARADIS;

(e)    Reasonable and necessary medical expenses incurred by Decedent KEVIN DUANE PARADIS;

(f)    Decedent KEVIN DUANE PARADIS' lost earnings and net accumulations;

(g)    Reasonable funeral and burial expenses incurred by Decedent's estate;

(h)    Decedent KEVIN DUANE PARADIS' mental anguish caused by the extraordinarily increased likelihood of the progression of his mesothelioma, and other cancers, due to said exposure to products mined, manufactured, sold, and distributed by the named Defendants;

(i)     Past and future loss of the companionship and society, care, advice, counsel and consortium which Plaintiffs KARLA HARTLEY, KAREN MIKKELSON, ANDREA JOHNKE NELSON, AMANDA PARADIS, JAKOB PARADIS, JORDAN PARADIS, KARI PARADIS, STEPHANIE PARADIS, ANGELA QUESENBERRY, and HEIDI PARADIS SCHUMACK would have received from Decedent KEVIN DUANE PARADIS prior to his illness, injuries, disabilities and death caused by his exposure to asbestos;

(j)     The past and future mental anguish suffered by Decedent's heirs as a consequence of observing the last illness and death of the Decedent;

(k)     The past and future pecuniary loss and loss of inheritance suffered by Decedent's heirs as a consequence of the death of Decedent;

(l)     Plaintiffs seek punitive and exemplary damages; and

(m)     Any and all recoverable survival and wrongful death damages on behalf of all statutory beneficiaries of the Decedent.

63.     By their acts and omissions described herein, Defendants intentionally, knowingly, and recklessly caused serious bodily injury to Decedent within the meaning of Tex.Civ.Prac.& Rem. Code §41.008(c)(7) and Tex. Penal Code §22.04.

64.     Plaintiffs filed suit within two (2) years of the date of discovering Decedent KEVIN DUANE PARADIS' asbestos-related conditions or the existence of any asbestos-related causes of action.

65.     Plaintiffs seek monetary relief in excess of $1,000,000.

## F.     PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against the Defendants, jointly and severally, for general damages, for their costs expended herein, for interest on said judgment from the date this action accrued until paid, at the legal rate, and for such other and further relief, both at law and in equity, to which Plaintiffs may show themselves justly entitled.

## **JURY DEMAND**

Plaintiffs demand that all issues of fact in this case be tried to a properly impaneled jury.


Respectfully submitted,


**WATERS & KRAUS, LLP**


*/S/ CHARLES S. SIEGEL*_____
Charles S. Siegel
State Bar No. 18341875
3141 Hood Street, Suite 700
Dallas, Texas 75219
(214) 357C-6244
(214) 357-7252 Fax
siegel@waterskraus.com

And

C. Robert Dorsett
State Bar No. 06012500
DORSETT LAW PLLC
11209 Native Texan Trail
Austin, Texas 78735
(512) 263-4176
(512) 263-8095 Fax
bobdorsettlaw@yahoo.com


ATTORNEYS FOR PLAINTIFFS